UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| NAJEE OLIVER, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | CV420-245 |
| | ) | CR417-065 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER AND REPORT AND RECOMMENDATION**

Najee Oliver moves under 28 U.S.C. § 2255 to vacate, set aside, or correct his federal sentence. CR417-065, doc. 68[1]; *see United States v. Almand*, 992 F.2d 316, 317 (11th Cir. 1993) (individuals challenging the validity of any sentence, including those imposed for revocation of supervised release, must utilize § 2255). The Court **DIRECTS** the Government to respond within sixty days from the date of this Order. 28 U.S.C. § 2255 Rule 4(b). The Government is further **DIRECTED** to respond to Oliver's motions to "supplement" and "amend" his original motion, docs. 69 & 70, within that period.

---

[1] Unless otherwise noted, all citations are to the criminal docket in CR417-065.

Oliver has also filed two motions seeking "default judgment" against the United States on his motion. *See* docs. 72 & 73. However, the Rules Governing Section 2255 proceedings explicitly provide that "[t]he respondent is not required to answer the motion unless a judge so orders." Rule 5(a), Rules Governing Section 2255 Proceedings. Therefore, prior to the Court's Order above, the Government had no obligation to respond to Oliver's Motion or requests to amend it.[2] Even if the Government's obligation to respond had been triggered, "[t]he entry of default is not contemplated in habeas corpus proceedings." *Berryhill v. United States*, 2021 WL 3130868, at *20 (S.D. Ga. July 23, 2021) (collecting cases). Accordingly, since the Government had not been ordered to respond and because default judgment is not otherwise

---

[2] Oliver's Motions state variously that "[o]n August 9, 2021, the court ordered the Respondent to respond to Petitioner's motion to vacate," doc. 72 at 1 (citing "ecf 1-3"), and "[t]he court ordered the government to respond by Aug. 23, 2021," Doc. 73 at 1 (citing "ECF 3"). Oliver's citation, however, does not correspond to any such order. As he acknowledges, "ECF 3," is his request to amend his petition. *See* doc. 70; *see also* CV420-245, doc. 3. He suggests that his filing at docket entry 70 effectively amended the petition. Doc. 73 at 1. However, he had previously submitted an amendment. *See* doc. 69. Federal Rule of Civil Procedure 15 governs amendments to § 2255 motions. *See, e.g.,* Rule 12, Rules Governing Section 2255 proceedings. Assuming that Oliver's motion to "supplement," doc. 69, constituted an amendment as a matter of course, pursuant to Rule 15(a)(1), his motion to "amend," doc. 70, would require leave, pursuant to Rule 15(a)(2). The Court has directed the Government, above, to respond to Oliver's motions to amend.

appropriate in this proceeding, Oliver's motions should be **DENIED**.[3] Docs. 72 & 73.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of

---

[3] Oliver concedes that "default judgment [is] not contemplated by the rules in a habeas context . . . ." Doc. 73 at 2. He argues, however, that a district court may summarily dispose of a habeas proceeding, " 'where there is no response to a habeas corpus petition . . . .'" *Id.* (quoting *Aziz v. Leferve*, 830 F.2d 184 (11th Cir. 1987)). Since, as discussed above, the Government had no obligation to respond prior to the Court's Order, *Aziz*, in which the respondent was directed to respond, but was "never heard from again . . .," 830 F.2d at 186, is simply not applicable.

rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 1st day of June, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA